# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DONALD SANDERS, JR.,**

    **Plaintiff,**

vs.                                                                 Case No. 4:21cv434-RH-MAF

**HELI SERVICE, LLC,**
**BEN WILLIAMS,**
**and SANDRA WILLIAMS,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on October 29, 2021, by submitting an employment discrimination complaint pursuant to Title VII of the Civil Rights Act. ECF No. 1. Because Plaintiff paid the filing fee at the time of case initiation, an Order was entered on November 5, 2021, advising Plaintiff of his obligation to serve the complaint on the Defendants. ECF No. 4. In particular, Plaintiff was informed that Defendants had to be served with a copy of the complaint, ECF No. 1, and summons within 90 days as required by Fed. R. Civ. P. 4(c),(m). *Id.*

When nothing was filed to indicate that Defendants were served with process, an Order to Show Cause was entered on January 10, 2022. ECF No. 7. That Order gave Plaintiff until **January 31, 2022**, in which to show good cause why this case should not be dismissed for failure to serve the Defendants. *Id.* Plaintiff was required to respond and demonstrate "when and how he either served the Defendants with process, or requested that the Defendants waive formal service as explained in the prior Order, ECF No. 4." *Id.* Plaintiff was warned that if he did not "respond, a recommendation will be made to dismiss this case." *Id.* As of this date, nothing further has been received from Plaintiff and it appears that he has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . ." Link v. Wabash R.R.

Case No. 4:21cv434-RH-MAF

Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  It is within this Court's discretion and "inherent authority" to dismiss an action for failing to comply with a court Order.  Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011).  Here Plaintiff was forewarned as to the consequences if he failed to comply.  Thus, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on February 2, 2022.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**